# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. GLENN SCHWARZ,
        Petitioner,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
CB-1208-17-0022-U-4

DATE: October 12, 2017

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Sheryl Golkow, Esquire, Dallas, Texas, for the petitioner.

Malvina Winston, Esquire, Washington, D.C., for the petitioner.

Cheri L. Cannon, Esquire, and Smenta K. Chabbra, Esquire, Washington, D.C., for the relator.

Jennifer B. Toler, Esquire, and Anakah D. Harrison, Cherry Point, North Carolina, for the agency.

**BEFORE**

Mark A. Robbins, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER ON STAY EXTENSION REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the agency's removal of Mr. Schwarz. For the reasons discussed below, OSC's request is GRANTED and the stay is extended through December 11, 2017.

## BACKGROUND

On June 28, 2017, OSC requested a 45-day initial stay of the agency's June 8, 2017 decision to reinstate Mr. Schwarz's removal for allegedly violating a settlement and abeyance agreement. *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-1, Stay Request File (U-1 SRF), Tab 1. Mr. Schwarz previously had filed a complaint of whistleblower reprisal with OSC on September 10, 2016, which was resolved via a November 22, 2016 settlement agreement. *Id.* at 7. As part of the settlement agreement, the agency agreed to hold Mr. Schwarz's pending removal action in abeyance for a period of 2 years, provided that he complied with certain performance and conduct standards. *Id.* On June 8, 2017, the agency reinstated Mr. Schwarz's removal for failing to comply with the performance and conduct standards set forth in the settlement agreement. *Id.* In particular, the agency charged that Mr. Schwarz was less than candid on two occasions, engaged in off-duty misconduct that disrupted the workplace by sending two Facebook messages to a retired employee, improperly attested to his time and attendance on several occasions, and failed to follow instructions to request leave at least 1 day in advance on one occasion. *Id.* at 7-9.

In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency reinstated Mr. Schwarz's removal based on reprisal for protected disclosures he had made concerning the agency's improper testing of aircraft fueling equipment and improper testing and disposing of jet fuel. *Id.* at 10-15. OSC asserted that an investigation by the agency's Inspector General

substantiated Mr. Schwarz's disclosures.  *Id.* at 6.  OSC further asserted that attendant circumstances suggested that Mr. Schwarz's protected disclosures and/or activities were a contributing factor in the decision to reinstate his removal because the June 8, 2017 removal notice directly referenced Mr. Schwarz's communications with OSC and the agency's reasons for reinstating the removal action were weak and lacked a nexus to Government efficiency.  *Id.* at 14-15.  On June 30, 2017, OSC's initial stay request was granted.  U-1 SRF, Tab 2.

¶4        On July 28, 2017, OSC filed a timely request to extend the stay for an additional 90 days.[2]  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-3, Stay Request File (U-3 SRF), Tab 1.  OSC's request was granted in part, and the stay was extended for 60 days through October 12, 2017.  U-3 SRF, Tab 5.

¶5        On September 27, 2017, OSC filed a timely request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-4, Stay Request File (U-4 SRF), Tab 1.  The agency has filed a timely response.  U-4 SRF, Tabs 3-4.

### ANALYSIS

¶6        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the record will be reviewed in the light most favorable to OSC, and a stay extension request will be granted if OSC's prohibited personnel practice claim is not clearly

---

[2] Prior to this, on July 25, 2017, the agency's motion to terminate the stay and Mr. Schwarz's motion to modify the stay were denied.  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-2, Stay Request File, Tab 10.

unreasonable. *Id.* at 158. An extension may be granted for any period that is considered appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶7 In its request for an extension, OSC asserts that it has conducted interviews with Mr. Schwarz's first- and second-level supervisors, it has identified a third witness to interview, and it is in the process of reviewing over 3,000 pages of documents from the agency. U-4 SRF, Tab 1 at 2-3. OSC further asserts that it expects the agency to produce additional documents and that it has reason to believe that it will interview other witnesses as the investigation progresses. *Id.* at 3. The agency consents to a 30-day extension but asserts that any extension beyond 30 days is unnecessary.[3] U-4 SRF, Tab 3 at 4. In support of its argument, the agency asserts that the third witness is an agency attorney who is not a new witness and whose interview has been scheduled for October 11, 2017, prior to the expiration of the current stay. *Id.* at 4-5. The agency further asserts that, although it has produced over 3,000 documents, OSC received the bulk of those documents prior to September 1, 2017, and there are no further outstanding document requests. *Id.* at 5-6 & n.3. Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is appropriate. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

¶8 The length of the extension, however, requires a separate determination. *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 7 (2006). Although the agency opines that a 30-day extension is appropriate to allow OSC to complete its investigation, OSC is in a better position than the

---

[3] The agency concedes that a 30-day extension is reasonable "[i]n light of minor scheduling conflicts from both OSC and a witness that briefly delayed the investigation." U-4 SRF, Tab 3 at 5.

agency to determine how much time is needed to complete the review process. *See Special Counsel v. General Services Administration*, 45 M.S.P.R. 601, 605 (1990).  Further, a 60-day extension would allow OSC time to initiate any future action it deems appropriate, such as drafting a prohibited personnel practice report, seeking resolution of the matter with the agency, and/or filing a petition for corrective action with the Board.  *See* 5 U.S.C. § 1214.  Accordingly, 60 days is a reasonable amount of time to extend the stay.

## ORDER

Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby granted, and it is ORDERED as follows:

(1)    The stay issued on June 30, 2017, is extended through and including December 11, 2017, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Mr. Schwarz's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement that is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[4] and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before November 24, 2017; and

---

[4] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(5)    Any comments on such a request that the agency wants considered pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before December 1, 2017.


FOR THE BOARD:                _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.